IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22CR00163 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| JORGE HERNANDEZ SOCARRAS, | ) | |
| | ) | **REPORT AND RECOMMEN-** |
| Defendant. | ) | **DATION RE DEFENDANT'S** |
| | ) | **PLEA TO INFORMATION** |

Pursuant to General Order 99-49, the District Judge referred this case to me for arraignment and to receive with the consent of the parties defendant Jorge Hernandez Socarras's offer of a plea of guilty to the information, to conduct the plea colloquy prescribed by Fed. R. Crim. P. 11, to cause a verbatim record of the proceedings to be prepared, to refer the matter, if appropriate, for presentence investigation, and to submit a report and recommendation stating whether Socarras's plea of guilty should be accepted and a finding of guilty entered.[1] Accordingly, on April 28, 2022, Socarras, accompanied by his lawyer, Jaime P. Serrat, Esq., proffered a plea of guilty to counts one, two, three, and four of the information against him filed on April 8, 2022.[2] Assistant United States

---

[1] ECF #43.
[2] ECF #42.

1

Attorney Payum Doroodian was present on behalf of the government. Prior to the hearing, Socarras and counsel consented to conducting this hearing before me.[3] I conducted this hearing via Zoom videoconferencing. Socarras and counsel also consented to proceeding in this manner.

Upon consideration of the written waiver of indictment,[4] the four-count information, and other background information proffered to me during the hearing, I make the following findings:

1. Given the current pandemic and the required restrictions it has imposed on the Judiciary and the parties who appear before me, I find that the proceedings in this case cannot be further delayed without causing serious harm to the interests of justice. For this reason, I conducted the arraignment and plea hearing with Socarras and counsel present and participating by videoconferencing.

2. Before Socarras offered his plea of guilty, I examined him as to his competency, advised him of the charges and consequences of conviction, informed him that the Court will be required to give consideration to the Federal Sentencing Guidelines and of the possibility of a departure from the Guidelines, notified him of his rights associated with a trial in this case, advised him that he waives those trial rights by pleading guilty except the right to counsel, and otherwise provided Socarras with the information prescribed in Fed. R. Crim. P. 11.

---

[3] ECF #45.
[4] ECF #44.

3. Counsel reported that the parties had entered into and signed a written plea agreement. AUSA Doroodian summarized its terms, and Attorney Serrat agreed to that summary. I further reviewed the plea agreement's terms with Socarras, who acknowledged that he understood its terms and that he had agreed to them. Counsel advised me that, aside from this written plea agreement and written addenda to it, if any, no other commitments or promises have been made by any party, and no other agreements, written or unwritten, have been made between the parties in conjunction with this case or Socarras's decision to plead guilty to the four-count information.

4. I questioned Socarras under oath about the knowing, intelligent, and voluntary nature of his waiver of indictment and his plea of guilty. He demonstrated and confirmed for me that he was waiving his right to be prosecuted by way of indictment and offering his plea of guilty knowingly, intelligently, and voluntarily; and that he is competent to make such waiver and plea.

5. Counsel provided me with sufficient background information about the offenses charged in counts one, two, three, and four of the information and Socarras's criminal conduct to establish a factual basis sufficient for Socarras's guilty plea. Socarras acknowledged this factual basis, and no objections were raised.

In light of the foregoing and the record created in conjunction with the plea hearing, I find that Socarras's waiver of his right to be prosecuted by way of indictment and his plea of guilty to counts one, two, three, and four of the information pursuant to the terms of a written plea agreement and written addenda to that agreement, if any, were knowing, intelligent, and voluntary. I further find that all requirements imposed by the United States

Constitution and Fed. R. Crim. P. 11 have been satisfied.  Accordingly, I recommend that Socarras's waiver of indictment and his plea of guilty to the four-count information be accepted and a finding of guilty be entered by the Court.

Dated: May 4, 2022 <span style="float:right">s/ William H. Baughman, Jr.<br>United States Magistrate Judge</span>

## NOTICE REGARDING OBJECTIONS

Any party may object to this Report and Recommendation.  To do so, you must serve and file your objections with the Clerk of Court within 14 days after being served with this Report and Recommendation.  If this document is being served on you by mail, service by mail is complete when the document is mailed, not when you receive it.  If you fail to serve and file your objections within this 14-day time period, you forfeit your rights on appeal, absent a showing of good cause for such failure.